# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EXCELSIOR ADVERTISING, INC., on : 
its own behalf and as assignee of :
Precise Imports Corporation, :        NO. 3:05cv967 (MRK)
  :
          Plaintiff, :
  :
v. :
  :
D. THOMAS ABBOTT and LICENSE :
MANAGEMENT, LLC, :
  :
          Defendants. :

## RULING

The facts of this case are well known to the parties and will not be repeated here. Suffice it to say for present purposes that Plaintiff Excelsior Advertising, Inc. ("Excelsior"), successor-in-interest to Precise Imports Corp. ("Precise"), a distributor of products bearing the Wenger S.A. trademark, has sued Defendant Thomas Abbott, a former officer and director of Precise, for theft of a corporate opportunity arising from a license agreement between Wenger and Abbott's company, License Management, LLC ("LM"). Excelsior's primary claims are for breach of fiduciary duty, usurpation of Precise's corporate opportunity, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq.[1] *See* Second Amended Complaint [doc. # 65]. Mr. Abbott and LM have moved for summary judgment on all of Excelsior's claims [doc. # 92], while Excelsior has cross-moved for partial summary judgment only on the claims

---

[1] Claims Five and Seven of the Second Amended Complaint, for unjust enrichment and injunctive relief respectively, are dependent upon the fiduciary duty and corporate opportunity claims. *See* Second Am. Compl. [doc. # 65]. Count Six, a quantum meruit claim, was withdrawn. *See* Defs.' Motion for Summary Judgment [doc. # 92] at 2.

regarding the breach of fiduciary duty by Mr. Abbott, aided by LM, and the usurpation of a corporate opportunity [doc. # 97].

The summary judgment standard is a familiar one. Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica College of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (alteration in original)).

Having considered at length the excellent submissions of the parties, the Court is convinced that there are genuine disputes regarding numerous facts that are material to a proper resolution of the breach of fiduciary duty and corporate opportunity claims, Counts One, Two, and Three of the Second Amended Complaint [doc. # 65]. Here, among other things, the parties dispute the timing, sequence, nature, and extent of Mr. Abbott's negotiations with Mr. Saucy of Wenger regarding a potential license agreement with Precise and the agreement with LM, the nature and extent of the use of Precise's corporate assets in developing the opportunities in question, and the extent of the knowledge of Precise's Board of Directors regarding the LM Agreement at the time of the vote that allegedly approved of Mr. Abbott's entering into the agreement with Wenger. Not only are the

underlying facts regarding these matters in dispute, but the parties also contest the appropriate inferences to be drawn from them. And while the parties each contend that certain facts entitle them to judgment as a matter of law, even many of those facts are contested. In any event, the Court is convinced that a jury is required to sift through the competing factual contentions, claims, and inferences in this case. *See, e.g.*, *Trustees of the Nat'l Automatic Sprinkler Indus. Pension Fund v. Fairfield County Sprinkler Co.*, 243 F.3d 112, 118-19 (2d Cir. 2001) (reversing grant of motion for summary judgment) ("With such [material] facts in dispute, summary disposition is inappropriate."). Therefore, the Court denies both parties' motions for summary judgment as to Counts One, Two, and Three, and Defendants' motion for summary judgment as to Counts Five and Seven, which are dependent on those prior claims.

However, the Court will grant summary judgment for Defendants on Excelsior's CUTPA claim, Count Four of the Second Amended Complaint. CUTPA defines the "trade" and "commerce" to which it applies as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value *in this state*." Conn. Gen. Stat. § 42-110(a)(4) (emphasis added). Here, the undisputed facts are that none of the conduct at issue occurred in New York. Excelsior is a Delaware corporation with its principal place of business in New York. Precise is a New York corporation based in New York. *See* Local Rule 56(a)1 Statement [doc. # 99]; Local Rule 56(a)2 Statement [doc. # 100]. Indeed, the only conceivable connection to Connecticut is that Mr. Abbott, a Defendant, has a residence in Connecticut and established LM as a Connecticut limited liability company, but there is no claim that any of his conduct forming the basis of Excelsior's claims occurred in Connecticut. As such, there is no basis for applying CUTPA to

conduct that occurred entirely outside Connecticut and that involved a New York company governed by New York law. *See Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher-Price, Inc.*, 406 F. Supp. 2d 175, 200 (D. Conn. 2005) ("While the plain language of CUTPA is directed at unfair competition taking place 'in this state,' courts have held that CUTPA does not require that a violation actually occur in Connecticut, if the violation 'is tied to a form of trade or commerce intimately associated with Connecticut,' or if, where Connecticut choice of law principles are applicable, those principals dictate application of Connecticut law.") (internal citation omitted) (quoting *Uniroyal Chem. Co. v. Drexel Chem. Co.*, 931 F. Supp. 140 (D. Conn. 1996))*.*

Accordingly, the Plaintiff's Motion for Summary Judgment [doc. # 97] is DENIED, and the Defendants' Motion for Summary Judgment [doc. # 92] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Count Four of the Second Amended Complaint and is DENIED as to all other counts.

By separate order, the Court will issue a trial schedule.


IT IS SO ORDERED,


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut: <u>June 26, 2007</u>.**